IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WEBSTER BANK, N.A.<br>145 Bank Street<br>Waterbury, CT 06720<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN THOMAS LESLIE, JR.<br>6311 13TH Street, N.W.<br>Washington, D.C. 20011<br><br>    Defendant. | Civil Action No.: _____ |

## COMPLAINT

Webster Bank, N.A. ("Webster Bank"), by counsel, hereby complains as follows:

1. Webster Bank is a national banking association with its principal place of business in Waterbury, Connecticut.

2. John Thomas Leslie, Jr. ("Mr. Leslie") is a resident of the District of Columbia.

3. This court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1391.

## FACTS

4. Webster Bank is a financial institution headquartered in the state of Connecticut engaged in, among other services, the business of providing real estate loans.

5. On or about August 22, 2006, Mr. Leslie received a mortgage loan from Webster Bank in the amount of Three Hundred Fifty-One Thousand Dollars and No Cents ($351,000.00), secured by property located at 3712 NE 12th Place, Cape Coral, FL 33909.

6. Mr. Leslie executed a Construction Loan Note (the "Note") and a deed of trust (hereinafter referred to as "Mortgage Deed") in association with the receipt of the mortgage loan. Attached as Exhibit A is a true and accurate copy of the Construction Loan Note.

7. The terms of the transaction required Mr. Leslie to make a first payment of principal and interest on October 1, 2007 in the amount of $2,812.43.

## COUNT I
### BREACH OF CONTRACT

8. Webster Bank repeats and incorporates by reference the allegations in paragraphs 1 through 7 of the Complaint.

9. Pursuant to the terms of the Note, Mr. Leslie agreed to make a first payment of principal and interest to Webster Bank, in the amount of $2,812.43, on or before October 1, 2007.

10. Pursuant to the terms of the Note, interest on the loan amount will accrue from August 22, 2006 at the yearly rate of 8.875 percent.

11. The Note also provides for a late charge in the amount of 5% of any overdue payment of interest and principal.

12. The Note further provides that in the event of a failure to pay, Webster Bank shall be entitled to "all of its costs and expenses in enforcing this Note," including reasonable attorneys' fees.

13. The failure to make payments on the Note when due is a breach of the terms of the Note.

14. By letter dated July 2, 2008, demand was made upon Mr. Leslie to pay the full amount due and owing to Webster Bank. Attached as Exhibit B is a copy of the demand letter.

15. Despite demand, Mr. Leslie did not make any payment to Webster Bank.

16. By letter dated July 9, 2008, Mr. Leslie stated he has no money and "the bank has the house and will have to foreclose." Attached as Exhibit C is a copy of the letter.

17. Webster Bank has suffered damages as a result of Mr. Leslie's failure to pay the amount due and owing under the terms of the Note as agreed.

18. The following is due and owing to Webster Bank under the terms of the Note:

| | |
|---|---|
| Principal: | $351,000.00 |
| Interest through July 23, 2008: | $27,257.35 |
| Late fees and bank charges: | $17,014.20 |
| Fees (to date): | $1,651.00 |
| Total | $397,528.26 |

19. In addition, interest continues to accrue at the rate of $86.53 per diem.

WHEREFORE, Webster Bank, N.A. requests that the Court enter judgment in its favor against John Thomas Leslie, Jr. in the amount of Three Hundred Ninety-Seven Thousand Five Hundred Twenty-Eight Dollars and Twenty Six Cents ($397,528.26), plus interest from the date of filing until judgment at the daily rate of $86.53, plus fees, including reasonable attorneys' fees, costs, expenses and such other relief the court deems appropriate.

Respectfully submitted,

_____
Amy Sanborn Owen (Bar No. 411601)
aowen@cochranowen.com
Ben Selan (Bar No. 495232)
bselan@cochranowen.com
Cochran & Owen, LLC
8000 Towers Crescent Drive, Suite 160
Vienna, VA 22182
(703) 847-4480
(703) 847-4499 (facsimile)

Counsel for Webster Bank, N.A.

# NOTE

August 22, 2006
Date

Clearwater
City

Florida
State

3712 NE 12th Place, Cape Coral, FL 33909
(Property Address)

### 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 351,000.00 (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is Webster Bank, National Association. I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

### 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 8.8750 %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

### 3. PAYMENTS

(A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the 1st day of each month beginning on October 1, 2006. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on September 1, 2036, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at
  Webster Plaza, 145 Bank Street, Waterbury, CT 06702
or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $ 2,792.71.

### 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

### 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

FLORIDA FIXED RATE NOTE - Single Family - Fannie Mae/Freddie Mac Uniform Instrument    Form 3210 1/01
Page 1 of 3                              4704111297                                    Initials:

*[Stamp: I HEREBY CERTIFY THAT THIS COPY IS A TRUE AND CORRECT COPY OF THE ORIGINAL DOCUMENT  FIRST CITY TITLE, INC.  BY:]*

**EXHIBIT A**

6. **BORROWER'S FAILURE TO PAY AS REQUIRED**

    (A) **Late Charge for Overdue Payments**

    If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be     5.000    % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

    (B) **Default**

    If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

    (C) **Notice of Default**

    If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

    (D) **No Waiver By Note Holder**

    Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

    (E) **Payment of Note Holder's Costs and Expenses**

    If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

7. **GIVING OF NOTICES.**

    Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

    Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

8. **OBLIGATIONS OF PERSONS UNDER THIS NOTE**

    If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

9. **WAIVERS**

    I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

10. **UNIFORM SECURED NOTE**

    This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

    If all or any part of the Property, or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

    If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

11. **DOCUMENTARY TAX** The state documentary tax due on this Note has been paid on the mortgage securing this indebtedness.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____(Seal)
JOHN THOMAS LESLIE, JR.                    -(Borrower)

_____(Seal)
                                            -(Borrower)

_____(Seal)
                                            -(Borrower)

_____(Seal)
                                            -(Borrower)

*(Sign Original Only)*

FLORIDA FIXED RATE NOTE - Single Family - Fannie Mae/Freddie Mac Uniform Instrument    Form 3210 1/01
Page 3 of 3                               4704111297                                    Initials

# CONSTRUCTION RIDER TO NOTE AND SECURITY INSTRUMENT

THIS RIDER is an agreement to modify the terms of my loan to provide for a period of time during which future advances will be made to pay for the construction of improvements upon the Property.

LENDER - As used herein the term Lender shall mean

## WEBSTER BANK, NATIONAL ASSOCIATION

or any assignee, transferee or successor in interest thereto. As used herein the words "I", "me" or "my" shall mean any person who signs below as Borrower.

This Rider changes the terms of the promissory Note and Security Instrument (Mortgage, Deed of Trust or Security Deed) which I have signed which are dated    August 22, 2006    in regard to the property located at

3712 NE 12th Place, Cape Coral, FL 33909

("Property"). I agree that the covenants, terms and provisions set forth in this Rider will amend, supercede and replace any inconsistent terms, covenants or provisions in the promissory Note and Security Instrument, where the two are different.

CONSTRUCTION LOAN - FUTURE ADVANCES - NOTICE OF COMMENCEMENT. THE ADDITION OF THIS RIDER TO THE NOTE AND MORTGAGE IS TO MAKE THIS A CONSTRUCTION LOAN WITHIN THE MEANING OF THE LAWS OF THE STATE OF FLORIDA. THIS LOAN SHALL BE USED FOR THE CONSTRUCTION OF IMPROVEMENTS TO A RESIDENTIAL STRUCTURE, AND THE BORROWER HEREIN PROMISES TO PROPERLY FILE AND POST A NOTICE OF COMMENCEMENT AS REQUIRED UNDER FLORIDA STATUTES, CHAPTER 713 (1995) AS AMENDED. THE MORTGAGE SHALL SECURE FUTURE CONSTRUCTION LOAN ADVANCES, UP TO THE LOAN AMOUNT DESCRIBED HEREIN, AND ALL SUMS ADVANCED HEREUNDER SHALL BE DEEMED TO HAVE THE SAME PRIORITY AS THE ORIGINAL INDEBTEDNESS.

PRIORITY OF MORTGAGE - THE BORROWER WARRANTS AND ASSURES THAT NO CONSTRUCTION ACTIVITY OF ANY KIND HAS COMMENCED ON THE PROPERTY DESCRIBED HEREIN, AND THE BORROWER FURTHER EXPRESSLY AGREES THAT NO CONSTRUCTION ACTIVITY OF ANY KIND SHALL COMMENCE UNTIL AFTER THE BORROWER IS NOTIFIED OF THE RECORDING OF THE MORTGAGE AS A FIRST LIEN ON THE PROPERTY FOLLOWED IMMEDIATELY BY THE FILING OF A COMPLETE AND PROPER NOTICE OF COMMENCEMENT; AND UNTIL BORROWER HAS COMPLETED THE POSTING THEREOF AS REQUIRED BY LAW.

1. **PROJECT COMPLETION DATE**
   The loan is to be disbursed in installments to finance construction, which I promise to complete on or before    August 6, 2007   , referred to as the "PROJECT COMPLETION DATE", in strict compliance with the project Plans and Specifications which have been provided to Lender.
   If, the Lender determines that the construction of the project or completion of all of Borrower's obligations regarding the documentation thereof will not be completed by    August 6, 2007   , it shall be a sufficient basis for a default, and Lender shall have the right to stop making disbursements of money even before    August 6, 2007   . In such circumstances, in addition to all of Lender's other rights and remedies, Lender shall have the right to accelerate the loan and make all sums outstanding due and payable at once, together with interest, fees, costs of collection and all other charges, including reasonable attorneys' fees. It is expressly agreed that "TIME IS OF THE ESSENCE" with respect to the full completion of construction and of all obligations regarding the documentation thereof.

EZ ONE™ - FLORIDA Fixed Rate Construction Rider To Note And Security Instrument
© Interstate Closing Systems, All Rights Reserved    Page 1    4704111297    YCZpb

## 2. WORK IN PLACE

The Lender has agreed to make the loan herein described to be paid in installments as the work is completed and to disburse funds only FOR WORK IN PLACE, based upon inspection.

The Lender is obligated to advance the full amount of the loan $ 351,000.00 provided that I have fully performed and met all of the conditions and requirements which I have promised to undertake in the Construction Loan Agreement, Promissory Note, Security Agreement, Commitment Letter and Loan Documents; and provided that the loan is not in default.

## 3. INSPECTION FOR STATUS OF COMPLETION ONLY

The Lender shall inspect the project in order to ascertain the status of completion and the progress of the construction of improvements. The sole purpose for Lender's inspection is to determine the approximate amount and value of the work which has been done, so that Lender may disburse funds for such work in place. Such inspections shall not require a review by Lender of the quality of the construction. As Borrower, I will not rely on the Lender's inspection for any purpose whatsoever. Rather, I will be solely responsible for the progress and quality of construction, and the discovery of all delays, defects, faults, imperfections and deviations from the Plans and Specifications shall be my sole responsibility as Borrower.

## 4. AMENDMENT OF THE OBLIGATION TO REPAY LOAN

1. Because construction disbursements will be made at times and in amounts which cannot be accurately predicted between the date of this Rider and the Project Completion Date which is August 6, 2007, I will not begin to repay my loan as provided under the terms of Paragraph 3 of the Note that I signed.

2. Instead, I will pay interest only until September 1, 2007 referred to as the "CONVERSION DATE". This is the day my last "interest-only" payment will be due.

3. The terms of Paragraph 3 of the Note, are hereby amended to provide that I will make my first payment of principal and interest on October 1, 2007, in the amount of $2,812.43, unless I am advised otherwise by the Lender in writing.

## 5. CONSTRUCTION PERIOD INTEREST

During the Construction Interest Period, I will pay the Lender interest on the principal amount that it has disbursed under the loan. Interest will be computed daily at the rate in effect under the Note, on the basis of a 365 day year, for the actual amount of principal outstanding. This interest will be billed to me on the 1st day of each month during the Construction Interest Period until the Conversion Date, and it will be my responsibility to pay the amount of interest billed to me within 15 days. Non-payment of interest by the 15th day of the month will be a default under the Note and will entitle the Lender to all remedies contained in the Note or the Security Instrument.

## 6. DELAYS IN THE COMPLETION OF CONSTRUCTION OR PERFORMANCE

If the construction of all planned improvements or repairs, and the performance of all of my obligations regarding the documentation thereof is not completed by August 6, 2007, then in addition to all of its other rights under the loan documents, the Lender, at its option, has the right to do any or all of the following:

A. DEFAULT- declare a default and exercise all of its rights reserved in the loan documents to act in case of default; or

B. CONSTRUCTION PERIOD EXTENSION - agree that Lender will extend the time for construction through modification of the loan documents, (Construction Period Extension) provided that Borrower co-operates fully in the execution thereof and pays the costs, fees and expenses associated with such extension, including Project Delay Surcharges, extension fees, document preparation fees, courier fees, recording fees, title insurance costs, and all other costs incurred or required to complete the extension; or

C. DELAYED COMPLETION RESERVE ACCOUNT - agree to allow more time for construction to be completed and to disburse any remaining loan funds into a Delayed Completion Reserve Account on which interest shall then become due and payable at the Note Rate, as though the funds had been fully advanced for construction completion; provided (1) that Borrower co-operates fully in the execution of documents establishing the same as required by Lender, and pays the costs, fees and expenses associated with the establishment of such Delayed Completion Reserve Account, including Project Delay Surcharges, extension fees, document preparation fees, courier

fees, recording fees, title insurance costs, and all other costs incurred or required to complete the establishment of such account; and provided (2) that Borrower shall be required to begin repaying principal and interest under the loan documents as though construction had been completed and as though all funds were disbursed by the Project Completion Date; and provided (3) the unexpended loan funds will be held in a Delayed Completion Reserve Account until the construction is completed per the plans and specifications, and until all of the conditions necessary to complete the conversion of the loan to the Amortization Period have been completed.

D. NO OBLIGATION TO EXTEND - Lender shall have no obligation to permit more time for construction or the full performance of Borrower's obligations. The time selected by Borrower for the completion of the project is Borrower's responsibility, and failure to fully complete all construction and meet all requiredconditions within the time chosen by Borrower can be a default. Any extension of time for performance that is agreed to by Lender shall be at Lender's sole discretion.

7. NOTICE TO LENDER OF CLAIMS AND LIENS.
Any person wishing to claim the benefit of any Mechanics Lien is advised by the recording hereof that the address of the Lender for receipt of any Notice To Owner, Contractor's Affidavit, Claim Of Lien, Or 15 Day Notice Of Recordation Of Lien, or other mechanics lien claim under Florida law, or for any other notice, claim or lien is shown below. Any such notice should be delivered to such address by certified mail return receipt requested.

> Attn: Robert M. Imperato, Vice President
> Webster Bank, N.A.
> National Construction Lending Center
> 609 West Johnson Avenue
> Cheshire, CT 06410

As Borrower, I promise to notify the Lender, immediately upon my receipt of any such Notice To Owner, Contractor's Affidavit, Claim Of Lien, Or 15 Day Notice Of Recordation Of Lien, or any other notice, claim or lien relating in any way to the Property and to provide copies to Lender of all documents, demands or claims received by me regarding the same.

8. EXTINGUISHMENT AND SURVIVAL.
Unless otherwise extended in writing, on    August 6, 2007   , the provisions of this Rider, except paragraph 4 and this paragraph, shall self-extinguish and be of no further force and effect, provided however, that any causes of action, claims or rights of the Lender which accrue before said date shall continue unaffected and undiminished by such extinguishment.

BY SIGNING BELOW, on this day Borrower accepts and agrees to the terms and covenants contained in this Rider.

Date: 8/22/06

Borrower: JOHN THOMAS LESLIE, JR.

Borrower: _____   Borrower: _____

Borrower: _____   Borrower: _____

The undersigned witnessed the signature of the Borrower(s) at the time this Rider was signed.

Settlement Agent            Date 8/22/06

EZ ONE™ - FLORIDA Fixed Rate Construction Rider To Note And Security Instrument
© Interstate Closing Systems, All Rights Reserved    Page 3    4704111297    YCZpb



## COCHRAN & OWEN

Admitted in VA & DC

bselan@cochranowen.com
Direct Dial: (703) 847-4494

July 2, 2008

**BY FIRST CLASS MAIL AND CERTIFIED MAIL RETURN RECEIPT REQUESTED**

John Thomas Leslie, Jr.
6311 13th Street, N.W.
Washington, DC 20011

       Re:    **NOTICE OF DEFAULT**
                  Mortgage Loan No.: 4704111297
                  3712 NE 12th Place
                  Cape Coral, FL 33909

Dear Mr. Leslie:

      We have been retained to represent Webster Bank, N.A ("Webster Bank") regarding the above-referenced mortgage transaction. On or about August 22, 2006, you executed a Construction Loan Agreement (the "Agreement"), Mortgage Deed (the "Mortgage"), Note, Construction Rider and Second Home Rider, in order to obtain funds for construction at 3712 NE 12th Place, Cape Coral, FL 33909 (the "Property"). Pursuant to the Note, Webster Bank provided sums totaling Three Hundred and Fifty-One Dollars and Zero Cents ($351,000.00). A copy of the Note is attached.

      The Note and Rider provided for interest-only payments through September 1, 2007. Rider, paragraph 4(1). On October 1, 2007, your first monthly payment of principal and interest, in the amount of Two Thousand Eight Hundred Twelve dollars and Forty-Three cents ($2,812.43), was due. Rider, paragraph 4(2). The terms of the Note proscribe that interest accrues on the unpaid principal balance at 8.8750% per year, and that there will be a five percent (5%) late charge on any amount due but not paid. Note, paragraph 2 and paragraph 6(A). In the event that the full amount of each payment is not paid when due, then a default occurs. Rider, paragraph 6(B). Pursuant to the Note, Webster may demand payment in full at once, and is entitled to its collection costs and attorneys' fees expended in enforcing the Note. Note, paragraph 6(E).

      Webster Bank hereby provides that the lender shall be entitled to collect all reasonable costs incurred in pursuing the remedies provided for. This is notice to you that you have breached the terms of the Note by failing to make monthly payments. To cure this breach, you must remit the amount of the unpaid principal balance, interest, late charges and fees currently due and owing in the amount of Thirty-Two Thousand Forty-Seven Dollars and Thirty-Two Cents ($32,047.32).

Dedicated to efficient and effective legal solutions

COCHRAN & OWEN, LLC
8000 Towers Crescent Drive, Suite 160
Vienna, Virginia 22182-2700
p:(703)847-4480 ◦ f:(703)847-4499 ▪ www.cochranowen.com

EXHIBIT B

John Thomas Leslie, Jr.
July 2, 2008
Page 2 of 2

You have thirty (30) days, from the date this notice is mailed to you, to cure such breach. If payment has not been received by August 2, 2008, Webster Bank intends to immediately invoke its legal and equitable rights as set forth in the Note including, but not limited to, the acceleration of the Note. Additionally, the Bank shall be entitled to its collection costs and attorneys fees in pursuing its available remedies.

This letter shall also serve as notice to you of the right to reinstate your loan after acceleration as provided for in the Deed of Trust and the right to bring a court action to assert the non-existence of a default or any other legal defense to acceleration and sale.

All communications should be addressed to the undersigned in order to receive the proper attention.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. Please see the enclosed notice concerning your rights under federal law.

Sincerely,

Ben Selan, Esq.

Enclosure: FDCPA Notice

cc: Alena Gfeller
    Ellen Levine

## NOTICE

This communication is from a debt collector. Federal law may require that we provide you with the following information:

**THIS IS AN ATTEMPT TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

If this is the initial communication you have received from us concerning this debt, the following may apply:

> This letter with which this notice is enclosed contains written notice to you of the amount of the debt and the name of the creditor to whom the debt is owed.

> If you do not dispute the validity of this debt or any portion thereof within 30 days after your receipt of this notice, we will assume that the debt is valid.

> If you notify us in writing within the 30-day period that the debt or any portion thereof is disputed, we will provide you with verification of the debt or a copy of the judgment against you.

> Upon your written request within the 30-day period, we will provide you with the name and address of the original creditor, if different from the current creditor.

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _[signature]_  ☐ Agent  ☒ Addressee<br>B. Received by (Printed Name)  C. Date of Delivery<br>John Thomas Les  6/3/00 |
| 1. Article Addressed to:<br>John Thomas Leslie, Jr.<br>6311 13th St., N.W.<br>Washington, D.C. 20011 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☒ No |
| | 3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered  ☒ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D. |
| | 4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number<br>(Transfer from service label)   7005 2570 0001 0574 1053 | |
| PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540 | |

July 9, 2008

Cochran & Owen
Attn: Ben Selan, Esq.
8000 Towers Crescent Drive
Suite 160
Vienna, VA  22182-2700

Re: Notice of Default
    Mortgage Loan No. 4704111297
    3712 NE 12th Place
    Cape Coral, FL  33909

Dear Ben Selan:

This project was presented to me and some friends as an investment in construction of homes in Florida. Our contact person and agent in this project, Austin Blake, negotiated every aspect of the project. He brought together in investors, banks, and contractors to make this project a reality. Initially, each house would be constructed costing in the area of $200,000. After construction, the investor had the option of either selling or renting out the house.

At a convenient point during this project, Mr. Blake dropped out of sight and we heard from him no more. Now the investors are left holding the bag not knowing the minute details of what is going on in Florida. At a point, evidently, Mr. Blake changed the rules and when the investors looked up, the construction cost had increased to $350,000. At the same time Florida real estate goes "South." Now houses will not sell for the amount that the bank outlaid for the construction project. In addition to this dilemma, the houses will not rent right away, and if rented, the rent will not cover the mortgage which has ballooned without the knowledge of the investor. To make matters worse, the county reassessed the value of the property 33% lower than the original value.

Now, the bank wants its money from the defrauded investor who has no money. The project was set up to finance itself.

Sir, I have no money to finance this fraudulent construction project. The bank has the house and will have to foreclose. I am not able to finance this project. The state and county need to go after the crooks who set-up investors of good faith like me.

Sincerely,

John T. Leslie, Jr.

EXHIBIT C

JS-44
(Rev.1/05 DC)

**CIVIL COVER SHEET**

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| WEBSTER BANK, N.A.   88888 | JOHN THOMAS LESLIE, JR. |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  New Haven
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)  District of Columbia
NOTE IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Amy S. Owen
Cochran & Owen LLC
8000 Towers Crescent Dr., Suite 160
Vienna, VA 22182  (703) 847-4480

ATTORNEYS (IF KNOWN)

Case: 1:08-cv-01271
Assigned To : Roberts, Richard W.
Assign. Date : 7/24/2008
Description: General Civil

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
⊙ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ⊙ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ⊙ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

⊙ **E. General Civil (Other)**    OR    ○ **F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☒ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(1)

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ◉ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 U.S.C. 1332 and 1391

**VII. REQUESTED IN COMPLAINT**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F R C P 23    DEMAND $ 397,528.26    Check YES only if demanded in complaint
JURY DEMAND:    YES ☐    NO ☒

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form

DATE 7/23/08    SIGNATURE OF ATTORNEY OF RECORD _[signature]_

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed Listed below are tips for completing the civil cover sheet These tips coincide with the Roman Numerals on the Cover Sheet

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence. Use 11001 to indicate plaintiff is resident of Washington, D C , 88888 if plaintiff is resident of the United States but not of Washington, D C , and 99999 if plaintiff is outside the United States

III.   CITIZENSHIP OF PRINCIPAL PARTIES This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II

IV.    CASE ASSIGNMENT AND NATURE OF SUIT.  The assignment of a judge to your case will depend on the category you select that best represents the _primary_ cause of action found in your complaint  You may select only _one_ category  You _must_ also select _one_ corresponding nature of suit found under the category of case

VI.    CAUSE OF ACTION  Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause

VIII.  RELATED CASES, IF ANY  If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form